IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID BALEY,

    Plaintiff,

vs.

AIR AND LIQUID SYSTEMS CORP., *as Successor-in-Interest to Buffalo Pumps, Inc.*, et al.,

    Defendant.

Case No. 15-cv-0569-SMY-DGW

**ORDER**

Before the Court is Plaintiff's Motion to Remand (Doc. 71). Plaintiff alleges that Defendants failed to meet their burden in removing this action under federal officer removal jurisdiction. Defendants CBS Corporation (a successor by merger to corporation f/k/a Westinghouse Electric Corporation) ("CBS") and General Electric Company ("GE") filed a Response in Opposition (Docs. 93 and 94, respectively). For the following reasons, Plaintiff's motion is **DENIED**.[1]

Plaintiff originally filed his Complaint in the Third Judicial Circuit, Madison County, Illinois alleging injury due to exposure to asbestos. Defendant CBS removed the action to this Court pursuant to the provisions of 28 U.S.C. § 1442, which establishes that civil actions may be removed by federal officers or any persons acting under a federal officer for any act under color of such office where such person asserts a colorable defense. 28 U.S.C. 1442(a)(1). Defendant

---

[1] Plaintiff's Motion is directed solely toward Defendant CBS Corporation's Notice of Removal. While Defendant General Electric likewise asserted removal based on federal officer jurisdiction, the Court considers the current motion solely in regard to CBS Corporation.

General Electric Company joined in the Notice of Removal and asserted its independent federal officer jurisdiction (Doc. 23).

In support of his motion, Plaintiff cites to *Mesa v. California*, 489 U.S. 121 (1989), which requires a defendant removing an action pursuant to 28 U.S.C. § 1442(a) to demonstrate a colorable defense, to be (or to be "acting under") a federal officer, and to show a "causal connection" between the acts taken under color of office and the conduct for which plaintiff has sued. Plaintiff first argues that Defendant has not demonstrated a colorable defense pursuant to the requirements set forth in *Boyle v. United Technologies*, 487 U.S. 500 (1988). *Boyle* requires that, to displace state law, government contractor defendants removing an action prove a "significant conflict" between federal contractual duties and the state tort law duty to warn end-users. 487 U.S. at 507-508. *Boyle* further requires a government contractor defendant to establish three required elements for a colorable defense on a use-of-asbestos claim —namely, (1) that the United States approved reasonably precise specifications, (2) that the equipment conformed to those specifications, and (3) that the supplier warned the United States about the dangers in the use of the product that were known to the supplier but not known to the United States. 487 U.S. at 511-12. In *Rupple v. CBS Corp.*, 701 F.3d 1176 (7th Cir. 2012), the Seventh Circuit held that, where the *Boyle* tests are satisfied, the "conflict" is inherent.

Plaintiff asserts that CBS has no colorable defense under *Boyle* for its alleged failure to warn about asbestos dangers. Plaintiff does not, however, address the issue of whether CBS has a colorable defense for his use-of-asbestos claim against CBS. If CBS has a colorable defense as to either claim, the entire case is removable. *Ruppel*, 701 F.3d at 1182 (citing 28 U.S.C. § 1367).

2

Here, CBS has presented sufficient evidence to establish a colorable defense to the use-of-asbestos claim. As to the first element, CBS submitted with its Notice of Removal (Doc. 1) ninety pages of a military specification document covering steam propulsion turbines for Naval ships (Doc. 1-4, 1-5 and 1-6). The specification states at ¶ 3.2.1, "[t]urbines shall be furnished… to the specifications set forth herein and in the ordering data" (Doc. 1-4, p. 5). The document incorporates multiple other specification documents and sets forth types of materials to be used and other requirements. Based upon this evidence, the Court finds that the military approved reasonably precise specifications for the turbines manufactured by CBS.

The Court is also persuaded that CBS has met the second element of the *Boyle* test for use-of-asbestos claims. The military specification document cited above states that equipment that does not meet the minimum requirements or standards shall be rejected (Doc. 1-6, p. 1). Additionally, CBS submitted the affidavit of retired Rear Admiral Roger B. Horne, Jr. who declared that all Navy turbines were carefully inspected and any not complying with the military's specifications were rejected (Doc. 1-3, p. 9, ¶ 21). The declaration was based on Horne's personal involvement in interpreting and enforcing the military's specifications (*Id* at p. 2).

The third element requires that the contractor who supplied the equipment warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. Here, CBS submitted the Report of Samuel A. Forman, a, medical doctor specializing in preventive and occupational medicine who also served in the Navy (Doc. 1-9, p. 4). During his time of service, he was assigned to review the Navy's historical handling and knowledge of industrial hygiene issues, including asbestos, and was given "full security clearances and unimpeded access" (*Id*). Mr. Forman concludes that, "[a]s early as 1922, the

Navy recognized… the health hazards associated with airborne asbestos dust and the appropriate protective measures to prevent asbestos exposures" (*Id* at p. 10-11). Mr. Forman also states that "[t]he Navy maintained a fierce autonomy over hazard recognition and control, because the Navy considered itself the ultimate authority on naval systems and military workplaces" (*Id* at p. 26). Further, "[t]he Navy rejected participation from manufacturers" in regards to asbestos hazards (*Id* at p. 27). Based upon Mr. Forman's Report, the Court finds that CBS meets the third element of the *Boyle* test.

As CBS has asserted a colorable defense to the use-of-asbestos claim asserted by Plaintiff, the Court need not determine whether CBS also has a colorable defense to the failure-to-warn claim. Accordingly Plaintiffs' Motion to Remand is denied.

**IT IS SO ORDERED.**

**DATE: September 28, 2015**  s/ *Staci M. Yandle*
**STACI M. YANDLE**
**DISTRICT JUDGE**